## 9149

### BARKSDALE v. GIBERT.

#### (85 S. E. 961.)

APPLICATION OF PAYMENTS.—The crediting of payments at times when made on a running account, comprising balances from prior years as well as items arising during the current year, does not fix their application to recent items rather than those arising at the earlier dates.

Before SEASE, J., Abbeville, Fall term, 1914.  Affirmed.

Action on account of goods sold brought by W. D. Barksdale against James S. Gibert.  From judgment for plaintiff, defendant appeals.

*Mr. W. N. Graydon,* for appellant, cites: *As to finality of first application of payment:* 30 Cyc. 1239; 18 Mo. App. 583; 24 Gratt. 721; 67 Am. St. Rep. 389; 108 Fed. 287; 44 La. Ann. 25; 11 Barb. 80; 16 Vt. 472; Statute of Limitations, 4 McC. 210; 20 S. C. 34.

*Mr. W. P. Greene,* for respondent, cites: *As to application of payments:* 74 S. C. 371; 61 S. C. 124; 124 S. W. 406; 96 S. W. 194; 83 N. W. 351; 33 S. C. 303; 2 Mills 178.

July 29, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

"This action was commenced on the 27th day of May, 1914, and alleged that between January 1, 1907, and January 1, 1913, the defendant became indebted to the plaintiff on account of goods sold him in the sum of one thousand twenty-seven and 29-100 dollars; it alleged sundry payments had been made on account up to $424.67, leaving a balance due of said account of $602.62.  The defendant demanded that the plaintiff serve him with an itemized statement of said account, whereupon plaintiff furnished the defendant with an account, the first statement on which was dated January 1, 1907, and read: 'Account rendered, $28.93.'"

"The defendant pleaded the statute of limitations as to all items of said account appearing on said account prior to 27th day of May, 1908, which was six years prior to the commencement of this action."

The judgment was for the plaintiff and the defendant appealed upon the following exceptions:

"I. Because the itemized statement of account furnished by the plaintiff to defendant, showing on its face the application that the plaintiff had voluntarily made of said payments, it was error in his Honor to rule that the plaintiff could make a different application of the payments at the trial, and erred in charging the jury that the plaintiff had a right to apply the said payments to the part of account that was not barred by the statute of limitations."

"II. Because the presiding Judge erred in overruling the motion for a new trial, based upon the grounds that the plaintiff having elected to apply the payments made him by the defendant to the account for the years in which they were paid, had no right to change the application at the trial and apply them in a different manner."

"III. Because the plaintiff having elected to apply the payments made him, as shown by the accounts offered in evidence to the different years in which the accounts were made, and having rendered statements to the defendant showing the application of said payments, would have had no right at the trial of the case to change the application of said payments, and his Honor erred in charging the jury that he would have such a right, and erred in refusing the motion for a new trial based upon the grounds that the plaintiff would have no such right."

These exceptions need not be considered separately, because they are all based upon one error of fact, to wit, that the record shows that the plaintiff had applied the payments before the trial and at the time they were received to new purchases for the current years.

There is evidence, and there is none to the contrary, that the defendant did not direct the application of his payments.

It seems that the account ran on from year to year and yearly statements of account were furnished defendant. Each of these accounts contained a statement of the balance from the preceding year, the new purchases and the cash paid by the defendant. To illustrate: The account of 1907 has a balance for 1906, new sales and cash payments. There is nothing to show whether the application was to the balance from 1906 or to new purchases for 1907, and so on for each year. The cash paid in 1907 was properly on the account for 1907, but its appearance on the account for 1907 did not fix its application to recent purchases.

There is little law in this case. The only question is one of fact and that has been settled by the verdict of the jury.

The judgment is affirmed.